UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN H. TROUT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:06-cv-1744-DFH-TAB |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

ENTRY ON JUDICIAL REVIEW

John H. Trout was born in 1927 and served in the United States Army during the Korean War. The record does not reveal the details, but Mr. Trout's military service left him permanently disabled since January 1951. He is now nearing his eightieth birthday. In this unusual case, Mr. Trout's nephew is acting as his representative and seeks judicial review of the Commissioner of Social Security's denial of Mr. Trout's 2004 application for disability insurance benefits under Title II of the Social Security Act running back to 1957. The issue here is the applicable time limit for filing an application for disability insurance benefits. An Administrative Law Judge (ALJ) found that Mr. Trout did not timely file his application for benefits. Mr. Trout contends that his application was timely under 20 C.F.R. § 404.322 and that the Rehabilitation Act of 1973, as amended, requires that the statute of limitations for filing an application for disability benefits be

tolled while an applicant continues to be disabled.[1]  As explained below, 20 C.F.R. § 404.322(c)(1) makes it clear that Mr. Trout's disability is deemed to have ended, for purposes of Title II disability insurance benefits under the Social Security Act, in November 1992, the month before he reached retirement age.  Because Mr. Trout first applied for disability insurance benefits in April 2004, his application was not timely.  The court affirms the denial of Mr. Trout's claim for disability insurance benefits.

*Background*

On April 14, 2004, Mr. Trout filed an application for disability insurance benefits.  The application stated that Mr. Trout had been unable to work since January 31, 1951.  R. 57.  After administrative denials, an ALJ held a hearing on Mr. Trout's application on May 20, 2005.  The ALJ heard testimony from Mr. Trout's nephew and representative, Curtis Wade, that Mr. Trout became permanently and totally disabled during his military service.  R. 64.  Mr. Wade stated that Mr. Trout has suffered from either "delayed stress syndrome or schizophrenia or something."  *Id.*  Mr. Wade has requested that Mr. Trout receive disability insurance benefits from 1957 through December 1992, the month of his sixty-fifth birthday.  R. 53.

---

[1]Acting without an attorney, Mr. Trout's nephew and guardian actually referred to the Americans with Disabilities Act of 1990 but quoted the Rehabilitation Act of 1973, see 29 U.S.C. § 794(a).

The ALJ held that Mr. Trout was required to file any application for Title II benefits by November 1993, twelve months after the month before he reached normal retirement age, or at the very latest by November 1995, two years later. See 20 C.F.R. § 404.320(b)(3).  The ALJ concluded that Mr. Trout's April 2004 application was too late so that he is not entitled to disability insurance benefits. The Appeals Council denied Mr. Trout's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security.  See *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000).  Mr. Trout asks this court to review the denial of his application.  The court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## Standard of Review

If the Commissioner's decision is both supported by substantial evidence and based on the proper legal criteria, it must be upheld by a reviewing court. 42 U.S.C. § 405(g); *Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005), citing *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004).  A reversal and remand may be required if the ALJ committed an error of law.  *Nelson v. Apfel*, 131 F.3d 1228, 1234 (7th Cir. 1997).  There is no factual dispute in this case, but only a disagreement about the application and enforcement of the statutory and regulatory time limits for applying for disability insurance benefits.  The court finds no error of law in this case.

*Discussion*

Mr. Trout argues (1) that the ALJ erred because he is still disabled, so that the thirty-six month time limit for filing an application for benefits had not expired when he applied in April 2004; and (2) that the regulations requiring a disabled person to file an application for disability insurance benefits within thirty-six months of the end of the disability period violate the Rehabilitation Act of 1973 and/or the Americans with Disabilities Act of 1990.    Neither argument is persuasive.

I.    *Timeliness of the Application*

To be eligible for a period of disability and for disability insurance benefits based on that disability, an individual must file an application while still disabled, or no later than twelve months after the month in which the period of disability ended.    42 U.S.C. § 423(b); 20 C.F.R. § 404.320(b)(3).    Notwithstanding the statutory twelve-month limit, the Commissioner's regulations provide that if a physical or mental condition makes it impossible for the applicant to apply within the standard twelve-month period, the person may apply not more than thirty-six months after the month in which the disability ended.  20 C.F.R. §§ 404.320(b)(3) & 404.322.  Assuming that Mr. Trout's mental condition made it impossible for him to apply within the twelve-month period, to be eligible for disability insurance benefits, Mr. Trout must demonstrate that he filed an application no later than thirty-six months after the month in which his disability ended.

-4-

Mr. Trout argues that his disability had not ended at the time when he filed his application in April 2004.  From a practical standpoint, the court assumes that is true, in that his significant mental impairments continued.  However, to integrate Title II disability insurance benefits with other Social Security programs, the Social Security Act and its regulations provide a legal definition that imposes an outer limit on when a disability is deemed to end for these purposes:  one month before the individual attains full retirement age.  20 C.F.R. § 404.321. Though the applicant's physical and mental limitations may continue after that time, the applicant is no longer considered disabled for the purposes of receiving disability insurance benefits under Title II.   The regulations state that an applicant's disability ends at the earliest of the following times:

> (1) The month before the month in which you attain full retirement age as defined in § 404.409;
> (2) The month immediately preceding your termination month; or
> (3) If you perform substantial gainful activity during the reentitlement period described in § 404.1592a, the last month for which you received benefits.

20 C.F.R. § 404.321(c).


Mr Trout's disability has not terminated, nor has he performed substantial gainful activity since 1951.  Thus, for the purposes of Title II of the Social Security Act, Mr. Trout's disability is deemed to have ended in November 1992, the month before the month in which he attained full retirement age.  The ALJ correctly determined that if Mr. Trout had been entitled to any disability insurance benefits,

those benefits would have ended in November 1992. At the outer limits, Mr. Trout was eligible to file for disability insurance benefits no later than November 1995, thirty-six months after November 1992. Mr. Trout first filed an application for disability insurance benefits in April 2004, which was too late for benefits under Title II.[2]

II.    *Other Federal Statutes*

In response to the Commissioner's arguments, plaintiff Trout argues that the denial of benefits violates Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, which provides in relevant part:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) [29 U.S.C. § 705(20)], shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

Plaintiff's argument seems to be that he is being excluded from Title II disability insurance benefits because of his disability. The argument does not hold together. The Rehabilitation Act and the closely related Americans with Disabilities Act were enacted to prevent discrimination against persons with disabilities and to require

---

[2]Mr. Trout's representative seems to believe that with a timely application, Mr. Trout would have been entitled to disability benefits for a retroactive period beginning in 1957, which he has calculated as exceeding $750,000. However, there is a maximum retroactive benefit period of twelve months before the date the individual applies for Title II benefits. See 20 C.F.R. § 404.315(a)(4).

accommodation of disabilities to enable participation in society in numerous ways. Title II of the Social Security Act was enacted to provide financial benefits to eligible persons precisely because they have a disability. Title II is a large part of an even larger system of programs that provide different types of financial assistance, including retirement benefits, to millions of Americans who are not able to support themselves with current earnings.

In establishing Title II, Congress was entitled to authorize the Commissioner to establish reasonable time limits for applications for benefits. The application of those limits does not violate either the Rehabilitation Act or the ADA in this case.

*Conclusion*

Mr. Trout is not entitled to disability insurance benefits under Title II of the Social Security Act because he did not timely file an application for those benefits. The decision of the Commissioner is therefore affirmed. Final judgment shall issue accordingly.

So ordered.

Date: October 19, 2007

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

JOHN H. TROUT
402 East Elm
P.O. Box 545
Gaston, IN 47342